UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ANTHONY IRVING,

        Plaintiff,                      Case No. 2:07-cv-190

v.                                         Honorable R. Allan Edgar

R. MASKER, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on November 14, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff, as well as a motion to amend his complaint. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his claim that Defendants Luoma and Smith's handling of his grievances violated his First and Fourteenth Amendment rights. However, Plaintiff merely reiterates the allegations set forth in his underlying complaint. For the reasons stated by the Magistrate Judge in the report and recommendation, Plaintiff's claims regarding the handling of his grievances are properly dismissed.

Plaintiff also asserts that the Magistrate Judge erred in recommending dismissal of his claim that his legal books were improperly confiscated because this conduct interfered with his

ability to access the courts. However, as noted by the Magistrate Judge in the report and recommendation, Plaintiff in this case has failed to demonstrate an actual injury to pending or contemplated litigation. Therefore, his First Amendment access to courts claim is properly dismissed. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Plaintiff's objections regarding his due process rights have no merit, as this claim is barred by *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), overruled in part on other grounds *Daniels v Williams*, 474 U.S. 327 (1986).

Plaintiff's claim that he was denied clean sheets does not rise to the level of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In addition, Plaintiff's claims regarding his misconduct hearing are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, Plaintiff's claim that he was not given a prison job despite the promise that he would receive one fails because Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

In Plaintiff's proposed amended complaint, he alleges that his legal mail was opened outside his presence despite the fact that he had previously requested special mail handling. Plaintiff states that he had been listed on special mail handling for many years and that on September 24, 2007, he filed a grievance regarding the opening of legal mail outside his presence. Plaintiff fails to specify who was responsible for opening his mail, nor does he appear to be asserting a claim

regarding the actual opening of the mail. Rather, Plaintiff asserts the improper handling of his grievances regarding this issue.

Plaintiff alleges that this grievance was answered by an employee of AMF, Resident Unit Manager Sackett, who responded as "supervisor" of the mail room. In addition, Plaintiff claims that Sackett's supervisor, Assistant Deputy Warden of Housing William Luetzow, "coherted" when neither employee was actually a mail room employee or a supervisor in the mail room area. Plaintiff appealed the denial of his grievance to step III on October 2, 2007, and alleges that Warden McQuiggin knowingly "coherted / collaborated" with his subordinate's statements in "admitting to the occurred violations as a mail room employee's within prisoner expedited legal mailing being mishandled relating to Case No: 2:07-cv-190 being transferred from / to new location."

Plaintiff alleges that on October 26, 2007, he wrote a grievance regarding "all the grievance violations of mail room an [sic] staff and supervisor of AMF." That grievance was rejected at step I, and on November 1, 2007, Plaintiff submitted a kite requesting a step II appeal form from Grievance Coordinator Stephen Raymond. Plaintiff did not receive an appeal form and made a second request for one on November 5, 2007. Plaintiff eventually appealed the denial of his grievance to step II, which was denied. Plaintiff also filed a step III appeal, but never received a response.

As noted above, Plaintiff is seeking to add claims against Resident Unit Manager Sackett, Assistant Deputy Warden William Luetzow, Warden McQuiggin, Grievance Coordinator Stephen Raymond, and Assistant Deputy Warden Jondreau for their handling of his grievances filed regarding the opening of his legal mail outside his presence. However, as previously stated by the Magistrate Judge in this case, a prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state. *See Hewitt v. Helms*,

459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 510 U.S. 1022 (1995) (collecting cases); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at \*\*1 (6th Cir. Aug 13, 1999); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at \*2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at \*1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at \*2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at \*1 (6th Cir. May 13, 1996). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at \*1; *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at \*1 (6th Cir. March 28, 1994). Plaintiff has no protected liberty interest in filing a grievance. Therefore, his proposed claims against Resident Unit Manager Sackett, Assistant Deputy Warden William Luetzow, Warden McQuiggin, Grievance Coordinator Stephen Raymond, and Assistant Deputy Warden Jondreau for their handling of his grievances are without merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint (docket #13) is DENIED because the claims that Plaintiff seeks to assert fail to state a claim.

FINALLY, IT IS ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:       5/28/08                              */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                                  UNITED STATES DISTRICT JUDGE